**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS COLIN-RUIZ, | No. 23-2242 |
| Petitioner, | Agency No. A205-907-253 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2024**
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Jose Luis Colin-Ruiz ("Colin-Ruiz"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision

dismissing his appeal from an Immigration Judge's ("IJ") order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expressly adopts and affirms the IJ's decision, we "look through the BIA's decision and treat the IJ's decision as the final agency decision for purposes of [the] appeal." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review factual findings for substantial evidence and review questions of law de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). Under the substantial evidence standard, we uphold the agency's determination unless "compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation and internal quotation marks omitted).

1. Substantial evidence supports the IJ's conclusion that Colin-Ruiz failed to demonstrate a clear probability of persecution due to his membership in a particular social group or his political opinion. *See Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) ("To be eligible for withholding of removal, the petitioner must discharge [his] burden by a 'clear probability.'"). To be eligible for withholding from removal, a petitioner must show that "it is more likely than not that [his] life or freedom will be threatened, consisting in part of evidence indicating that [his] protected characteristics will be 'a reason' for [his] suffering

harm in the future." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (citing 8 U.S.C. § 1231(b)(3)(A)). Colin-Ruiz claims persecution based on membership in the proposed group of "adult male member[s] of [the] Co[l]in-Ruiz family." Although he testified that some of his family in Mexico had been abused and extorted by members of the mafia, he provided no evidence that this harm was because of their membership in the Colin-Ruiz family.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

We also agree that Colin-Ruiz did not demonstrate a clear probability of persecution based on his political opinion. A petitioner must establish that he had "an affirmative or imputed political opinion" and "that [he would be] targeted on account of that opinion." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (emphasis omitted). While Colin-Ruiz expressed a general opposition to gangs, he testified that he had never shared this opinion with anyone. He provided no evidence that he would be persecuted because of these privately held views. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (holding that a petitioner must

---

[1] Colin-Ruiz claims that the IJ impliedly relied on the now-vacated *Matter of L-E-A II*, 27 I. & N. Dec. 581 (AG 2019) when analyzing his particularized social group. The BIA properly rejected this claim. The IJ did not cite *Matter of L-E-A II* in her opinion and did not rely on its reasoning.

"provide some evidence," whether direct or circumstantial, that he would be persecuted because of his political opinion) (emphasis omitted).

2. Substantial evidence supports the IJ's determination that Colin-Ruiz is not entitled to relief under the Convention Against Torture. "To receive deferral of removal under the CAT, an applicant must establish that 'it is more likely than not that he or she would be tortured if removed.'" *Hernandez v. Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Aside from general country conditions evidence, Colin-Ruiz did not present any particularized evidence showing that he would be tortured by or with the acquiescence of the Mexican government if removed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime in Mexico is not particular . . . and is insufficient to meet [the CAT] standard.").

**PETITION DENIED.**[2]

---

[2] The parties shall bear their own costs on appeal.